UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAMON VICTOR CRIST,<br><br>              Plaintiff,<br><br>v.<br><br>ADA COUNTY; SGT. FERGUSON #1; DEPUTY RAUBENHEIMER; DEPUTY COWLES; SGT. FERGUSON #2; DEPUTY MILLER; DEPUTY BARBER; and DEPUTY FRANKS, in their individual and official capacities,<br><br>              Defendants. | Case No. 1:24-cv-00180-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

       The Clerk of Court conditionally filed Plaintiff Damon Victor Crist's initial complaint because of Plaintiff's status as an inmate and in forma pauperis request; Plaintiff later filed an Amended Complaint. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Having reviewed the record, the Court enters the following Order permitting Plaintiff to proceed.

1. **Standards of Law for Screening Complaints**

       A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing

court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

**2.      Factual Allegations**

Plaintiff is a pretrial detainee being held in the Ada County Jail. The jail's inmate grievance policy prohibits abuse of the grievance process and requires respectful language in grievances. The policy also provides for punishment if an inmate uses "vulgar words or otherwise insolent language." (*Am. Compl.*, Dkt. 11, at 10).

According to Plaintiff, he submitted an inmate grievance regarding the jail's handling of a sexual assault complaint against a jail medical provider. (*Id*. at 2). Defendant Sergeant Ferguson informed Plaintiff that the investigation into the alleged incident was closed and that "no additional grievances on the issues surrounding the incident [would] be allowed." (*Id*.). Sergeant Ferguson allegedly had a "disgusting attitude" in doing so and "presented dislike for Plaintiff during the exchange." (*Id*.).

Plaintiff filed more grievances, but many of the jail's responses included "threats that 'disciplinary action could occur' if Plaintiff continued to file grievances." (*Id*. at 3). Plaintiff was later charged with abuse of the grievance process for filing an excessive number of grievances and for using profanity in grievances. Plaintiff was found guilty of these charges at a disciplinary review hearing. (*Id*.). Ferguson continued to threaten Plaintiff with punishment if he used the jail grievance process, as did other deputies. Plaintiff states that, as a result, he was afraid to file grievances. (*Id*. at 4).

Deputy Cowles charged Plaintiff with abuse of the grievance process for filing a grievance against another deputy. Plaintiff was found guilty and punished with several days in isolation and several more in restrictive housing. (*Id*.). Plaintiff then filed another grievance, this time complaining that some jail employees were committing misconduct. Deputy Miller charged Plaintiff with abusing the grievance process, and Deputy Barber upheld Plaintiff's punishment of six days' isolation and four months' restrictive housing. (*Id*. at 5-6). Barber also "mocked" Plaintiff as he left the hearing. Plaintiff also alleges that, after he filed a grievance against Deputy Raubenheimer, Raubenheimer took Plaintiff to a "back room," threatened and mocked him, and physically assaulted him, all because Plaintiff filed a grievance. (*Id*. at 7-8). Deputy Franks allegedly "stood by" during the assault and did not intervene to stop Raubenheimer. (*Id*. at 16).

3. **Discussion**

    A. *Section 1983 Claims*

    Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

    Jail officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

    However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205-09 (internal quotation marks omitted). A plaintiff may also seek injunctive relief from officials who have direct responsibility in the area in which the plaintiff seeks relief. *See Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" amounting to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" supporting a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

To bring a § 1983 claim against a local governmental entity such as Ada County, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe*

*v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). An entity also "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Plaintiff asserts his § 1983 claims under the First and Fourteenth Amendments to the U.S. Constitution. (*Am. Compl.* at 9-19). He alleges that he has been retaliated against for his use of the grievance process and for his use of disrespectful or profane language in grievances. The First Amendment includes the right to be free from retaliation for exercising constitutional rights. An inmate asserting a retaliation claim must show the following: "(1) . . . that a state actor took some adverse action against the inmate (2) because of (3) that prisoner's protected conduct . . . that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) [that] the action did

not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Use of a jail grievance process constitutes protected activity under the First Amendment. Thus, inmates may not be disciplined in retaliation for filing grievances. *See Hines v. Gomez,* 108 F.3d 265, 267 (9th Cir. 1997). Similarly, disrespectful language in an inmate's grievance is itself protected activity that may not be grounds for punishment. *Bradley v. Hall*, 64 F.3d 1276, 1281-82 (9th Cir.1995), *abrogated on other grounds by Shaw v. Murphy*, 532 U.S. 223 (2001).

"[B]are allegations" of a retaliatory motive are insufficient to support a retaliation claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985); *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient."). Rather, when analyzing a prison official's proffered reasons for allegedly retaliatory conduct, the Court must "afford appropriate deference and flexibility" to that official. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (internal quotation marks omitted).

Not every retaliatory act taken by an official can be considered an adverse action that chills the exercise of protected speech. The proper inquiry asks whether the official's action "would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envt'l Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotation marks omitted). If it would not, then "the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (internal quotation marks omitted). *See also Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) ("The [*de minimis*] standard achieves the proper balance between the need to recognize valid retaliation claims and the danger of federal courts embroiling themselves in every disciplinary act that occurs in state penal institutions.") (internal quotation marks and alteration omitted).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

A plaintiff asserting a retaliation claim under § 1983 also "must show a causal connection between a defendant's retaliatory animus and [the plaintiff's] subsequent injury." *Hartman v. Moore*, 547 U.S. 250, 259 (2006) (*Bivens* action). Retaliatory motivation is not established simply by showing an adverse action by the defendant *after* protected speech. Instead, the plaintiff must show a nexus between the two. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (stating that a retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'"). Therefore, although the timing of an official's action can constitute circumstantial evidence of retaliation—if, for example, an adverse action was taken shortly after the official learned about an inmate's exercise of protected conduct—there generally must be something more than mere timing to support an inference of retaliatory intent. *Pratt*, 65 F.3d at 808.

The causal nexus requirement of a retaliation claim is a "but-for" causation test. If the adverse action would have been taken even without the inmate's exercise of protected conduct, the plaintiff cannot satisfy the causation element of the retaliation claim. *Hartman*, 547 U.S. at 260. Finally, even if an inmate proves that his protected conduct was the but-for cause of an adverse action by a prison official, the inmate's retaliation claim fails so long as that action also reasonably advanced a legitimate penological interest. The state unquestionably has a legitimate interest in maintaining institutional order, safety, and security in its prisons, *Rizzo*, 778 F.2d at 532, and the "plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains," *Pratt*, 65 F.3d at 806.

Plaintiff's Amended Complaint, liberally construed, appears to state colorable retaliation claims against the individual Defendants. The discipline that Plaintiff received, including isolation and restrictive housing and Deputy Raubenheimer's physical attack, appear sufficient to chill a

person of ordinary firmness from utilizing the grievance process. The Amended Complaint offers much more than bare allegations of a retaliatory motive—indeed, several deputies explicitly cited Plaintiff's grievances as grounds for discipline. The Amended Complaint also states a plausible policy-or-practice claim against Ada County. *See Monell*, 436 U.S. at 694. That policy allegedly expressly allows jail officials to punish inmates for using disrespectful or profane language in grievances, which is not permitted under Ninth Circuit precedent.

For these reasons, Plaintiff will be permitted to proceed on his retaliation claims against all named Defendants.

### B. *State Law Claims*

Plaintiff also asserts claims of assault, battery, and intentional infliction of emotional distress, under Idaho law, based on Deputy Raubenheimer's attack on Plaintiff and Deputy Franks' failure to intervene. (*Am. Compl*. at 17). These claims as set forth in the Amended Complaint are plausible, and the Court will exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

### 4.    Conclusion

Plaintiff may proceed as outlined above. This Order does not guarantee that Plaintiff's claims will be successful. Rather, it merely finds that his claims are plausible, meaning that they will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[1] Because (1) prisoner filings must be afforded a liberal

---

[1]    The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Complaint under §§ 1915 and 1915A.

construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as non-exhaustion or entitlement to qualified immunity.

**ORDER**

    **IT IS ORDERED:**

1. Plaintiff's Motion for Extension of Time (Dkt. 8) is GRANTED, and Plaintiff's Amended Complaint is deemed timely.

2. Plaintiff's Motion for Bond Waiver and Renewed Motion for Bond Waiver (Dkts. 4 and 9) are NOTED. Inmate plaintiffs are not required to post a bond in federal court.

3. Plaintiff's Motion to Reattach the Already Filed Documents (Dkt. 10) is GRANTED IN PART, to the extent that Plaintiff is not required to resubmit documents he has already submitted. If Plaintiff intends to refer to these documents in future filings, he must include citations to such documents where they can be found in the record.

4. Plaintiff's Motion Requesting a One Time Copy of All Filings (Dkt. 14) is DENIED for lack of payment. If Plaintiff seeks copies of any filed documents, he must inquire of the Clerk of Court as to the price of such copies.

5. Plaintiff may proceed on the Amended Complaint. Defendants will be allowed to waive service of summons by executing, or having their counsel execute, the

---

Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to §§ 1915 and 1915A and may be filed only in extraordinary circumstances.

       Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Amended Complaint (Dkt. 11), a copy of this Order, and a Waiver of Service of Summons to **Jan M. Bennetts, Ada County Prosecutor, 200 W. Front Street, Boise, Idaho, 83702**.

6. Should an entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, identifying the individuals for whom service will not be waived.

7. If Plaintiff receives a notice indicating that service will not be waived for an entity or for certain individuals, Plaintiff will have an additional ninety days from the date of such notice to file a notice of physical service addresses of such Defendants, or claims against them may be dismissed without prejudice without further notice.

8. Unless otherwise ordered, the parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

9. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

10. Dispositive motions must be filed by the later of (a) 300 days after entry of this Order or (b) 300 days after entry of an order denying all or part of a preliminary Rule 12(b) or Rule 56 motion.

11. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

12. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

13. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

14. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

15. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

16. Pursuant to General Order 324, this action is hereby RETURNED to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: July 23, 2024

_____
Amanda K. Brailsford
U.S. District Court Judge